# EXHIBIT A

1

2

3                                                        E-FILED on ___3/29/2004___

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                              SAN JOSE DIVISION

10

11   RICHARD ORENS, Individually and On Behalf     No. C-03-05605 RMW
     of All Others Similarly Situated,
12                                                 ORDER CONSOLIDATING RELATED
                    Plaintiff,          /          CASES, APPOINTING GENERAL
13                                                 RETIREMENT SYSTEM OF THE CITY OF
            v.                                     DETROIT, THE POLICEMEN AND FIREMEN
14                                                 RETIREMENT SYSTEM OF THE CITY OF
     LEVI STRAUSS & CO., PHILIP A.                 DETROIT AND METZLER INVESTMENT
15   MARINEAU, and WILLIAM B.                      GMBH FOR AS LEAD PLAINTIFFS, AND
     CHIASSON                                      APPROVING SELECTION OF LEAD
16                                                 COUNSEL
                    Defendants.
17                                                 [Re: Docket No. 11]

18

19          Two competing lead plaintiffs, (1) the General Retirement System of the City of Detroit, the

20   Policemen and Firemen Retirement System of the City of Detroit and Metzler Investment GmbH

21   (collectively, the "Institutional Investors"); and (2) Muzinich & Co. ("Muzinich") originally moved for

22   consolidation of related cases, appointment of lead plaintiff and approval of selection of lead counsel.

23   Defendants Levi Strauss & Co., Philip A. Marineau and William B. Chiasson ("Levi Strauss") took no

24   position regarding the appointment of lead plaintiff and approval of lead counsel, and agreed that all related

25   actions should be consolidated.  Competing lead plaintiffs stipulated to appointing the Institutional Investors

26   as lead plaintiffs.  The court: (1) grants the motion for consolidation of related cases; (2) appoints

27   Institutional Investors as lead plaintiff; and (3) approves Institutional Investors' selection of lead counsel

28   ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT,
     THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT
     GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
     C-03-05605 RMW
     JTH

## I. BACKGROUND

This class action was filed on December 12, 2003, asserting claims for violation of the Exchange Act and SEC Rule 10b-5 on behalf of investors who purchased or acquired Levi Strauss securities during the class period. The class period extends from January 10, 2001 to October 9, 2003. It is alleged that during the period, Levi Strauss securities were traded at artificially-inflated prices as a result of defendants' alleged actions, misrepresentations and omissions. The alleged violations are that Levi Strauss (1) made improper tax deductions for losses related to various manufacturing plant closures; (2) materially overstated its net income in violation of the Generally Accepted Accounting Principles ("GAAP"); (3) made financial estimates, projections, and opinions that were lacking rational basis; (4) lacked adequate internal controls and was therefore unable to ascertain the true financial condition of the company; and (5) caused the value of its net income and financial results to be overstaed at all relevant times.

On December 24, 2003 notice of pendency of the class action was published in *Financial Times*. Subsequently Muzinich and the Institutional Investors moved for appointment of lead plaintiffs, approval of choice of counsel and consolidation of all related cases.[1] The two movants stipulated to appoint Institutional Investors as lead plaintiff and for Muzinich to withdraw its motion seeking lead plaintiff.

## II. ORDER

### A.    Motion to Consolidate Related Cases

1.    The following actions pending in the Norther District are, until further order of this court, consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure before the Honorable Ronald M. Whyte: *Orens v. Levi Strauss & Co., et al.*, C-03-05605 (RMW) and *General Retirement System of the City of Detroit et al. v. Levi Strauss & Co., et al.*, C-04-00712 (JW).

2.    These actions shall be referred to herein as the "Consolidated Actions." This Order shall apply to the Consolidated Actions and to each case that is subsequently filed in this court or transferred to this court that relates to the same subject matter as in the Consolidated Actions:

---

[1]    A later case was filed against Levi Strauss on February 20, 2004, *General Retirement System of the City of Detroit et al. v. Levi Strauss & Co., et al.*, C-04-00712 (JW).

ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05605 RMW
JTH

2

1          a.    The short caption of the Consolidated Actions shall be "In re Levi Strauss & Co.,

2  Sec. Litig." Any other action now pending or hereafter filed in this District as a class action on behalf of

3  acquirers of Levi Strauss & Co. between January 10, 2001 through October 9, 2003, inclusive, which

4  arises out of the same facts as alleged in the Consolidated Actions, shall be consolidated for all purposes as

5  soon as it is brought to the court's attention.

6          b.    All related actions that are subsequently filed in, or transferred to, this District

7  shall be consolidated into this action for pretrial purposes. This Order shall apply to every such related

8  action, absent order of the Court. A party that objects to such consolidation, or to any

9  other provision of this Order, must file an application for relief from this Order within thirty (30) days after

10  the date on which a copy of the Order is mailed to the party's counsel.

11          c.    This Order is entered without prejudice to the rights of any party to apply for

12  severance of any claim or action, for good cause shown.

13          d.    The docket in Civil Action No. C-03-05605 (RMW) shall constitute the Master

14  Docket for this action.

15          e.    Every pleading filed in the consolidated action shall bear the following caption:

16                        UNITED STATES DISTRICT COURT

17                       NORTHERN DISTRICT OF CALIFORNIA

18                          SAN JOSE DIVISION

| 19 20 21 | In re LEVI STRAUSS & CO.,<br>SECURITIES LITIGATION | No. C-03-05605 RMW<br>And Related Cases<br><br>**CLASS ACTION** |
|---|---|---|

22  This Document Relates to:

23          f.    A Master Docket and a Master File are hereby established for the

24  Consolidated Actions under Master File No. C-03-05605 (RMW). When a pleading is intended to be

25  applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately

26  after the words "This Document Relates To:" in the caption set out above. When a pleading is intended to

27  be applicable only to some, but not all, of such actions, the court's docket number for each individual action

28  ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT,
THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT
GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05605 RMW
JTH

1   to which the paper is intended to be applicable and the last name of the plaintiff in such action shall appear

2   immediately after the words "This Document Relates To:", the docket number for each individual action to

3   which the document applies, along with the last name of the first-listed plaintiff in said action (e.g., "No.

4   C-03-05605 (RMW) (Orens))."

5          g.      When a pleading is filed and the caption shows that it is to be applicable to "All

6   Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No

7   further copies need be filed or docket entries made. When a pleading is filed and the caption shows that it

8   is to be applicable to fewer than all of the Consolidated Actions, the Clerk need file such pleading only in

9   the Master File but, nonetheless, shall note such filing in both the Master Docket and in the docket of each

10  such action.

11         h.      When a case that relates to the subject matter of the Consolidated Actions is

12  hereafter filed in this court or transferred here from another court, the Clerk of the court shall:

13                 1.      place a copy of this Order in the separate file for such action;

14                 2.      mail a copy of the Order of assignment to counsel for plaintiffs and to

15  counsel for defendants in the Consolidated Actions;

16                 3.      mail to the attorneys for the plaintiff(s) and to any new defendant(s) in the

17  newly filed or transferred action a copy of this Order; and

18                 4.      make an appropriate entry in the Master Docket.

19         i.      The court requests the assistance of counsel in calling to the attention of the Clerk

20  of this court the filing or transfer of any case that might properly be consolidated as a part of In re Levi

21  Strauss & Co. Securities Litigation.

22         j.      Lead plaintiff shall serve upon defendants a single, consolidated, amended class

23  action complaint (the "Complaint"). The Complaint shall be served within sixty (60) days of the entry of an

24  Order appointing lead plaintiff and lead counsel for plaintiffs and the class, or such other time as may be

25  mutually agreed by the parties. The Complaint shall supersede all existing complaints in the actions. No

26  defendant is required to answer, move, or otherwise respond to any of the initial complaints filed in the

27  Action. Defendants shall answer, move, or otherwise respond to the Complaint within forty-five (45) days

28  ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT,
THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT
GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05605 RMW
JTH                                                          4

1   after its service on them, or such other time as may be mutually agreed upon by the parties.  In the event

2   that defendants move to dismiss the Complaint, plaintiffs shall have forty-five (45) days or such other time

3   as may be mutually agreed upon by the parties to oppose such motion and defendants shall have fifteen

4   (15) days from the date of service of the opposition to reply.

5          k.      This Order shall apply to each case subsequently filed in this court or transferred to

6   this court, unless a party objecting to the consolidation of such case or to any other provision of this Order

7   files, within ten (10) days after the date upon which a copy of this Order is mailed to counsel for such party,

8   an application for relief from this Order or any provision herein and this court deems it appropriate to grant

9   such application.

10      **B.     Motion to Appoint Lead Plaintiff and Approval of Lead Counsel**

11         1.      The General Retirement System of the City of Detroit, the Policemen and Firemen

12  Retirement System of the City of Detroit and Metzler Investment are appointed as lead plaintiff for the

13  putative class and any subsequently consolidated or related action to represent the interests of the putative

14  class.

15         2.      Lead plaintiffs' selection of lead counsel for the putative class is hereby approved. The law

16  firms of Bernstein Litowitz Berger & Grossmann LLP and Kirby, McInerney & Squire LLP are appointed

17  co-lead counsel pursuant to §21D(a)(3)(B)(v) of the Exchange Act.

18         3.      Co-Lead counsel shall have authority to speak for all plaintiffs and putative class members

19  in all matters regarding the litigation including, but not limited to, pretrial proceedings, motion practice, trial,

20  and settlement, and shall make all work assignments in such a manner as to facilitate the orderly and

21  efficient prosecution of this litigation and to avoid duplicative or unproductive effort.  Additionally, co-lead

22  counsel shall have the following responsibilities:

23         a.      to brief and argue motions and file opposing briefs in proceedings initiated by other

24  parties;

25         b.      to initiate and conduct discovery proceedings, including, but not limited to, the

26  preparation of discovery materials and discussions or negotiations concerning discovery issues;

27

28  ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT,
    THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT
    GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
    C-03-05605 RMW
    JTH                                                   5

1        c.      to direct and coordinate the examination of witnesses in depositions and on oral

2   interrogatories;

3        d.      to act as spokespersons at court conferences and hearings;

4        e.      to delegate responsibilities for specific tasks to other counsel in a manner to assure

5   that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

6        f.      to consult with and call meetings of plaintiffs' counsel when they deem it

7   appropriate;

8        g.      to consult with and employ experts;

9        h.      to negotiate with and enter into agreements with defendants' counsel with respect

10  to settlement and other matters;

11       i.      to coordinate this action with any related state or Federal court proceeding that

12  involves issues similar to those raised in this consolidated action in order to avoid unnecessary duplication,

13  expense, and effort;

14       j.      to conduct all pretrial, trial, and post-trial proceedings; and

15       k.      to perform such other duties as they deem necessary, or as may be expressly

16  authorized by further order of the court.

17       3.      Co-Lead counsel shall be responsible for coordinating all activities and appearances on

18  behalf of the putative class and for disseminating notices and orders of this court.

19       4.      No motion, application or request for discovery shall be served or filed, or other pretrial

20  proceedings initiated, on behalf of lead plaintiff, except through co-lead counsel.

21       5.      All notices, proposed orders, pleadings, motions, discovery, and memoranda shall be

22  served upon co-lead counsel by overnight mail service, telecopy, or hand delivery.

23       6.      Co-Lead counsel for the putative class shall be available and responsible for

24  communications to and from the court.  Co-Lead counsel shall be responsible for the creation and

25  maintenance of a master service list of all parties and their respective counsel.

26       7.      Defendants' counsel may rely upon all agreements made with co-lead counsel.

27

28  ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT,
    THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT
    GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
    C-03-05605 RMW
    JTH                                              6

8.      During the pendency of this litigation, or until further order of this court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

9.      This Order shall apply to each case subsequently filed in this court or transferred to this court, unless a party objecting to the consolidation of such case or to any other provision of this Order files within ten (10) days after the date upon which a copy of this Order is mailed to counsel for such party, an application for relief from this Order or any provision herein and this court deems it appropriate to grant such application.

**C.      Pleadings and Motions**

1.      Defendants are not required to respond to the complaint in any action consolidated into this action, other than the consolidated complaint or a complaint designated as the operative complaint.

2.      Lead Plaintiff shall file a consolidated complaint within sixty (60) days after filing the order designating the Lead Plaintiff unless otherwise agreed upon by the parties. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.

3.      Defendants shall respond to the consolidated complaint within forty-five (45) days after service, unless otherwise agreed upon by the parties. If defendants file any motions directed at the consolidated complaint, the opposition and reply briefs shall be filed within thirty days and forty-five days, respectively, of that response, unless otherwise agreed upon by the parties.

4.      The parties shall serve all papers on each other by hand, by overnight delivery, or (by prior agreement) by facsimile, unless otherwise agreed upon by the parties. Notwithstanding the foregoing, defendants may serve plaintiffs' counsel, other than Lead Plaintiff's Counsel, by first-class mail, unless otherwise agreed upon by the parties.

ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05605 RMW
JTH                                                                                                 7

5.      Plaintiffs shall file a motion for class certification within thirty (30) days after service of the consolidated complaint. Counsel shall propose to the court a mutually agreeable schedule for class certification discovery and for briefing and hearing of such motion.

**D.      Discovery**

1.      The following definitions shall presumptively apply in all discovery issued in this action:

a.      Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

b.      Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

c.      Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

d.      Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

e.      Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

f.      Person.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05605 RMW
JTH                                                                8

1             g.      Concerning.  The term "concerning" means relating to, referring to,

2  describing, evidencing or constituting.

3             h.      The following rules of construction apply to all discovery requests:

4                   i.     All/each. The terms "all" and "each" shall be construed as all and each.

5                  ii.    And/or. The connectives "and" and "or" shall be construed either

6  disjunctively or conjunctively as necessary to bring within the scope of the discovery request all

7  responses that might otherwise be construed to be outside of its scope.

8               i.     Number.  The use of the singular form of any word includes the plural and vice

9  versa.

10

11     2.      All parties will comply with 15 U.S.C. § 78u-4(C)(i).

12

13

14  DATED:         3/29/2004                 /s/ Ronald M. Whyte

15                                              RONALD M. WHYTE

16                                                United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28  ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT,
THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT
GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
C-03-05605 RMW
JTH                                         9

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiffs:**

3  Alan Schulman          alans@blbglaw.com
   Robert A. Jigarjian:   raj@classcounsel.com

4  Robert S. Green:       rsg@classcounsel.com
   Jill Manning:          jmanning@kmslaw.com

5

6  **Counsel for Defendants:**

7  Erin Elizabeth Schneider:    eschneider@gibsondunn.com

8

9

10 Counsel are responsible for distributing copies of this document to co-counsel that have not registered for

11 e-filing under the court's CM/ECF program.

12

13 Dated:    3/29/2004                          /s/ ANL
                                          Chambers of Judge Whyte
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 ORDER CONSOLIDATING RELATED CASES, APPOINTING GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT,
   THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT AND METZLER INVESTMENT
   GMBH FOR AS LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD COUNSEL
   C-03-05605 RMW
   JTH                                          10

# EXHIBIT B

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10                          OAKLAND DIVISION
11
12   DOMINIC CASTALDO, On Behalf of Himself   )   No. C-02-0853-CW
     and All Others Similarly Situated,       )
13                                            )   CLASS ACTION
                         Plaintiff,           )
14                                            )   ORDER GRANTING MOTION TO
         vs.                                  )   CONSOLIDATE RELATED ACTIONS
15                                            )   AND PRESERVE DOCUMENTS AND
     NVIDIA CORPORATION, et al.,              )   ORDER GRANTING MOTION TO
16                                            )   APPOINT METZLER INVESTMENT
                         Defendants.          )   GROUP GMBH AND GARRETT ZWART
17   ─────────────────────────────────────   )   AS LEAD PLAINTIFF AND APPROVING
                                                  LEAD PLAINTIFF'S CHOICE OF CO-
18                                                LEAD COUNSEL
19
20          This Court, having considered Movants' Motion to Consolidate Related Actions and Preserve

21   Documents, and for good cause shown, hereby ORDERS as follows:

22                        CONSOLIDATION OF RELATED CASES

23          1.      The following actions are consolidated for all purposes, including, but not limited to,

24   discovery, pretrial proceedings and trial proceedings pursuant to Rule 42(a) of the Federal Rules of Civil

25   Procedure and Civil Local Rule 3-12:

26   | Abbreviated Case Name | Case No. | Date Filed |
     |---|---|---|
27   | *Castaldo v. Nvidia Corporation, et al.*<br>Plaintiff: Dominic Castaldo | C-02-0853-CW | 02/19/02 |
28   | *Peshi & Associates v. Nvidia Corporation, et al.*<br>Plaintiff: Peshi & Associates | C-02-0875-PJH | 02/21/02 |

| | | |
|---|---|---|
| *Diamond v. Nvidia Corporation, et al.*<br>Plaintiff: Joseph Diamond | C-02-0885-MJJ | 02/21/02 |
| *Potash v. Nvidia Corporation, et al.*<br>Plaintiff: Herbert Potash | C-02-0900-PJH | 02/22/02 |
| *Fialkov v. Nvidia Corporation, et al.*<br>Plaintiff: Gail Fialkov | C-02-1000-MJJ | 02/28/02 |
| *Weintraub v. Nvidia Corporation, et al.*<br>Plaintiff: Martin Weintraub | C-02-1019-MJJ | 03/01/02 |
| *Blakey v. Nvidia Corporation, et al.*<br>Plaintiff: David Blakey | C-02-1027-SI | 03/01/02 |
| *Jones v. Nvidia Corporation, et al.*<br>Plaintiff: Luby Jones | C-02-1041-MJJ | 03/04/02 |
| *Williams v. Nvidia Corporation, et al.*<br>Plaintiff: Caroline Williams | C-02-1258-SBA | 03/14/02 |
| *Reif v. Nvidia Corporation, et al.*<br>Plaintiff: Ilene Reif | C-02-1286-CW | 03/14/02 |
| *Murphy v. Nvidia Corporation, et al.*<br>Plaintiff: Kevin A. Murphy | C-02-1372-RMW | 03/20/02 |
| *Burke v. Nvidia Corporation, et al.*<br>Plaintiff: Richard Burke | C-02-1425-PJH | 03/25/02 |
| *Stein v. Nvidia Corporation, et al.*<br>Plaintiff: Jeffrey Stein | C-02-1640-SBA | 04/05/02 |

## MASTER DOCKET AND CAPTION

2.     The docket in Civil Action No. C-02-0853-CW shall constitute the Master Docket for this action.

3.     Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re NVIDIA CORPORATION SECURITIES ) Master File No. C-02-0853-CW
LITIGATION                          )
                                    )  CLASS ACTION
This Document Relates To:           )
                                    )

4.    The file in Civil Action No. C-02-0853-CW shall constitute a Master File for every action in the consolidated action.  When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To."  When a pleading applies only to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To," the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5.    All related actions subsequently filed in, or transferred to, this District shall be consolidated into this action.  This Order shall apply to every such action, absent order of the Court.  A party that objects to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the date on which a copy of this Order is mailed to the party's counsel.

6.    The parties shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in, or transferred to this District.  The Clerk shall:

    a.    Place a copy of this Order in the separate file for such action;

    b.    Serve on plaintiffs' counsel in the new case a copy of this Order;

    c.    Direct that this Order be served upon defendants in the new case; and

    d.    Make the appropriate entry in the Master Docket.

7.    This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

8.    Plaintiffs represent that the first notice of pendency of these cases was published on or about February 19, 2002 and thereafter in widely circulated national business-oriented publications, in compliance with the requirements of §21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995.

**LEAD PLAINTIFF'S COUNSEL**

[PROPOSED] ORDER GRANTING MOTION TO CONSOLIDATE RELATED ACTIONS AND
PRESERVE DOCUMENTS - C-02-0853-CW                                        - 2 -

9.     After the Court has designated a lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B), the lead plaintiff shall designate lead plaintiff's counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v). Lead plaintiff's counsel shall manage the prosecution of this litigation to avoid duplicative or unproductive activities. Lead plaintiff's counsel shall be responsible for coordination of all activities and appearances on behalf of plaintiff and for dissemination of notices and orders. Lead plaintiff's counsel shall be responsible for communications with the Court. Lead plaintiff's counsel shall maintain a master service list of all parties and counsel.

10.     Lead plaintiff's counsel shall communicate with other plaintiffs' counsel and have the right to assign projects to each counsel.

11.     Defendants' counsel may rely upon agreements made with lead plaintiff's counsel. Such agreements shall be binding on all plaintiffs.

12.     Plaintiffs may file a consolidated complaint not later than 60 days after the filing of the Court's Order appointing a lead plaintiff and lead counsel in this action. The parties will meet and confer to propose to the Court a briefing schedule and hearing date for defendants' response to the consolidated complaint. Defendants need not respond to any of the individual actions consolidated into this action.

## DOCUMENT PRESERVATION

13.     Counsel for the parties shall notify their clients of their document preservation obligations pursuant to the federal securities laws.

14.     Pursuant to 15 U.S.C. §78u-4(b)(3)(C), the parties shall "treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure." The term "document" shall be interpreted consistently with the terms "document" and "writing" as used in the Federal Rules of Civil Procedure and Federal Rules of Evidence.

1        Having considered Movant's Motion to Appoint Metzler Investment GmbH and Garrett Zwart as

2    Lead Plaintiff and to Approve Lead Plaintiff's Choice of Co-Lead Counsel (the "Motion"), and good cause

3    appearing therefor, the Court FURTHER ORDERS as follows:

4        15.    The Motion is GRANTED;

5        16.    Pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C.

6    §78u-4(a)(3)(B), Metzler Investment GmbH and Garrett Zwart are appointed as lead plaintiff for the class;

7        17.    Lead plaintiff's selection of counsel is approved.  Pursuant to §21D(a)(3)(B)(v), the law

8    firms of Milberg Weiss Bershad Hynes & Lerach LLP and Kaplan Fox & Kilsheimer LLP are appointed

9    as co-lead counsel for the class.

10       **Lead Plaintiff's counsel, Milberg Weiss Bershad Hynes & Lerach, is directed to serve**

11   **a copy of this order on all parties in the consolidated action.**

12

13                              **O R D E R**

14       IT IS SO ORDERED.

15

16   DATED:    6/11/02                           /s/ CLAUDIA WILKEN

17                                              THE HONORABLE CLAUDIA WILKEN
                                                UNITED STATES DISTRICT COURT JUDGE

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

```
 1 │ MILBERG WEISS BERSHAD
   │    & SCHULMAN LLP
 2 │ JEFF S. WESTERMAN (94559)
   │ 355 S. Grand Ave., Suite 4170
 3 │ Los Angeles, CA 90071-3172
   │ Telephone: (213) 617-1200
 4 │ (213) 617-1975 (fax)
   │
 5 │ MILBERG WEISS BERSHAD
   │    & SCHULMAN LLP
 6 │ STEVEN G. SCHULMAN
   │ PETER E. SEIDMAN
 7 │ One Pennsylvania Plaza
   │ New York, NY 10119
 8 │ Telephone: (212) 594-5300
   │ (212) 868-1229 (fax)
 9 │
   │ Proposed Lead Counsel
10 │
11 │ [Additional Counsel on Signature Page]
```

LODGED

FILED
CLERK, U.S. DISTRICT COURT

NOV - 1 2004

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

12                  UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14                         WESTERN DIVISION

```
15 │ CONWAY INVESTMENT CLUB,      )  Case No. 2:04-cv-05025
   │ Individually and On Behalf of All )
16 │ Others Similarly Situated,       )  [PROPOSED] ORDER
   │                                  )  CONSOLIDATING THE ACTIONS,
17 │                    Plaintiff,    )  APPOINTING LEAD PLAINTIFF,
   │                                  )  AND APPROVING SELECTION OF
18 │    vs.                           )  LEAD COUNSEL
   │ CORINTHIAN COLLEGES, INC.,       )
19 │ DAVID MOORE, ANTHONY             )  Date:      October 4, 2004
   │ DIGIOVANNI and DENNIS BEAL,      )  Time:      10:00 a.m.
20 │                                  )  Courtroom: Honorable Manuel L.
   │                    Defendant.    )             Real
21 │                                  )
22 │ ─────────────────────────────── )  Date Action Filed: July 8, 2004
23 │ (Additional Captions Set Forth Below)
24 │
25 │
26 │
27 │
28 │
```

1  BARBARA KAUFMAN, On Behalf of     )   Case No. 2:04-cv-05091
   Herself and All Others Similarly  )
2  Situated,                         )   Judge:  Honorable Manuel L. Real
                                     )   Courtroom:  8
3                  Plaintiff,        )   Date Action Filed:  July 8, 2004
                                     )
4          vs.                       )
                                     )
5  CORINTHIAN COLLEGES, INC.,        )
   DAVID G. MOORE, DENNIS N.         )
6  BEAL, AND ANTHONY F.              )
   DIGIOVANNI,                       )
7                                    )
                                     )
8                  Defendant.        )

9  MICHAEL ORLANDO, Individually     )   Case No. 2:04-cv-05754
10 and On Behalf of All Others Similarly )
   Situated,                         )
11                                   )   Judge:  Honorable Manuel L. Real
12                 Plaintiff,        )   Date Action Filed:  July 16, 2004
                                     )
13         vs.                       )
                                     )
14 CORINTHIAN COLLEGES, INC.,        )
   DAVID MOORE, ANTHONY              )
15 DIGIOVANNI and DENNIS BEAL,       )
                                     )
16                 Defendant.        )

17 PAULENA PARTNERS, LLC,            )   Case No. 2:04-cv-06057
18 Individually and On Behalf of All )
   Others Similarly Situated,        )
19                                   )   Judge:  Honorable Dale S. Fischer
                 Plaintiff,          )   Date Action Filed:  July 23, 2004
20                                   )
           vs.                       )
21                                   )
   CORINTHIAN COLLEGES, INC.,        )
22 DAVID MOORE, ANTHONY              )
   DIGIOVANNI and DENNIS BEAL,       )
23                                   )
                 Defendant.          )
24

25

26

27

28

| | |
|---|---|
| 1   JAMES DOLAN, On Behalf of Himself and All Others Similarly Situated,<br><br>2<br><br>3                Plaintiff,<br><br>4<br>    vs.<br>5<br>CORINTHIAN COLLEGES, INC.,<br>6   DAVID MOORE, PAUL ST. PIERRE,<br>DENNIS BEAL, and ANTHONY<br>7   DIGIOVANNI,<br><br>8                Defendant. | Case No. 2:04-cv-06076<br><br>Judge:  Honorable Manuel L. Real<br>Date Action Filed:  July 23, 2004 |

| | |
|---|---|
| 9   KWOK YAU TONG, Individually and<br>On Behalf of All Others Similarly<br>10   Situated,<br><br>11              Plaintiff,<br>12<br>    vs.<br>13<br>CORINTHIAN COLLEGES, INC.,<br>14   DAVID MOORE, ANTHONY<br>DIGIOVANNI and DENNIS BEAL,<br>15<br>             Defendant.<br>16 | Case No. 2:04-cv-06993<br><br>Judge:  Honorable Manuel L. Real<br>Date Action Filed: August 20, 2004 |

| | |
|---|---|
| 17   DOUGLAS ROSE, On Behalf of<br>Himself and All Others Similarly<br>18   Situated,<br><br>19              Plaintiff,<br>20<br>    vs.<br>21   CORINTHIAN COLLEGES, INC.,<br>DAVID MOORE, PAUL ST. PIERRE,<br>22   DENNIS BEAL and ANTHONY<br>DIGIOVANNI,<br>23<br>             Defendant.<br>24 | Case No. 2:04-cv-06994<br><br>Judge:  Honorable Manuel L. Real<br>Date Action Filed:  August 20, 2004 |

25

26

27

28

1  | IVAN MENESES, Individually and on | Case No. 8:04-cv-923
2  | Behalf of All Others Similarly Situated, |
   |                              | 
3  |                   Plaintiff, | Judge:  Honorable David O. Carter
   |                              | Date Action Filed:  August 4, 2004
   | vs. |
4  |                              |
5  | CORINTHIAN COLLEGES, INC., |
   | ANTHONY DIGIOVANNI, DAVID |
6  | MOORE and DENNIS BEAL, |
   |                              |
7  |                   Defendant. |

8  | DOUGLAS ROSE, On Behalf of | Case No. 8:04-cv-926
   | Himself and All Others Similarly |
9  | Situated, | Judge:  Honorable David O. Carter
   |                              | Date Action Filed:  August 5, 2004
10 |                   Plaintiff, |

11 | vs. |

12 | CORINTHIAN COLLEGES, INC., |
   | DAVID MOORE, PAUL ST. PIERRE, |
13 | DENNIS BEAL and ANTHONY |
   | DIGIOVANNI, |
14 |                              |
   |                   Defendant. |
15 |

16 | KOK YEOH, On Behalf of Himself and | Case No. 8:04-cv-959
17 | All Others Similarly Situated, |

18 |                   Plaintiff, | Judge:  Honorable Gary L. Taylor
   |                              | Date Action Filed:  August 9, 2004
19 | vs. |

20 | CORINTHIAN COLLEGES, INC., |
   | DAVID MOORE, PAUL ST. PIERRE, |
21 | DENNIS BEAL and ANTHONY |
   | DIGIOVANNI, |
22 |                              |
   |                   Defendant. |
23 |
24
25
26
27
28

1    JAMES STELLATO, On Behalf of    )    Case No. 8:04-cv-997
     Himself and All Others Similarly    )
2    Situated,    )

3                     Plaintiff,    )    Judge: Honorable David O. Carter
                                    )    Date Action Filed: August 16, 2004
4      vs.    )

5    CORINTHIAN COLLEGES, INC.,    )
     DAVID MOORE, PAUL ST. PIERRE,    )
6    DENNIS BEAL and ANTHONY    )
     DIGIOVANNI,    )
7                                    )
                    Defendant.    )
8                                         )

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       Having considered the motion of Metzler Investment GmbH ("Metzler

2   Investment"), and good cause appearing therefore, the Court orders as follows:

3

4       1.    The Motion is GRANTED;

5       2.    The above-captioned actions are consolidated pursuant to Fed. R. Civ. P.

6   42(a);

7

8       3.    Metzler Investment is the "most adequate plaintiff" and accordingly, is

9   appointed Lead Plaintiff pursuant to 15 U.S.C. 78u-4(a)(3)(B)(iii);

10

11      4.    Milberg Weiss Bershad & Schulman LLP is appointed Lead Counsel,

12  pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

13  IT IS SO ORDERED.

14  DATED: NOV - 1 2004 , 2004

15                             MANUEL L. REAL

                                  Honorable Manuel L. Real
                                  United States District Court Judge

16  Submitted by:

    Dated: September 7, 2004

17  MILBERG WEISS BERSHAD

18    & SCHULMAN LLP

    Jeff S. Westerman

19

20  _____

          JEFF S. WESTERMAN

21  355 S. Grand Ave., Suite 4170

22  Los Angeles, CA 90071-3172

    Telephone: (213) 617-1200

23  Facsimile: (213) 617-1975

24  MILBERG WEISS BERSHAD

    & SCHULMAN LLP

25  Steven G. Schulman

    Peter E. Seidman

26  One Pennsylvania Plaza

    New York, NY 10119

27  Telephone: (212) 594-5300

    Facsimile: (212) 868-1229

28  Proposed Lead Counsel

THE BRUALDI LAW FIRM
Richard B. Brualdi
29 Broadway
Suite 2400
New York, New York  10006
Telephone:  (212) 952-0602
Facsimile:  (212) 952-0608

Plaintiff's Counsel

# EXHIBIT D

The Honorable John C. Coughenour

1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

WESTERN DISTRICT OF WASHINGTON

8

AT SEATTLE

9

SOUTH FERRY LP #2, Individually and on
Behalf of All Others Similarly Situated,

10

Master File No. CV04-1599C

11

Plaintiff,

[PROPOSED] ORDER APPOINTING
LEAD PLAINTIFFS AND
APPROVING LEAD PLAINTIFFS'
SELECTION OF COUNSEL

12

vs.

13

KERRY K. KILLINGER, THOMAS W. CASEY,
DEANNA W. OPPENHEIMER, WILLIAM W.
LONGBRAKE, CRAIG J. CHAPMAN, JAMES
G. VANASEK, MICHELLE MCCARTHY, and
WASHINGTON MUTUAL INC.,

14

15

16

Defendants.

17

18

19

20

21

22

23

24

04-CV-01599-ORD

25

26

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206/839-0730 • Fax: 206/839-0728

1    Having considered The WAMU Investors Lead Plaintiff Group's Motion for

2    Appointment of Lead Plaintiff and Approval of Selection of Plaintiffs' Lead Counsel (the

3    "Motion"), and good cause appearing therefor, it is hereby ORDERED that:

4        1.    The Motion is GRANTED.

5        2.    The Court, having considered the provision of § 21D(a)(3)(B), as amended by the

6    PSLRA, hereby determines that The WAMU Investors Lead Plaintiff Group, consisting of

7    Metzler Investment GmbH, South Ferry LP #2, and The Walden Management Co. Pension Plan,

8    is appointed as Lead Plaintiff in this action.

9        3.    Lead Plaintiffs' selection of Lead Counsel is approved.  Pursuant to 15 U.S.C.

10   § 78u-4(a)(3)(B)(v), the law firm of Milberg Weiss Bershad & Schulman LLP is appointed as

11   Lead Counsel in this consolidated action.

12       4.    Lead Counsel for the class shall have the following responsibilities and duties, to

13   be carried out either personally or through counsel whom Lead Counsel shall designate:

14           a.    To coordinate the briefing and argument of motions;

15           b.    To coordinate the conduct of discovery proceedings;

16           c.    To coordinate the examination of witnesses in depositions;

17           d.    To coordinate the selection of counsel to act as spokesperson at pretrial

18   conferences;

19           e.    To call meetings of counsel as they deem necessary and appropriate from

20   time to time;

21           f.    To coordinate all settlement negotiations with counsel for defendants;

22           g.    To coordinate and direct the pretrial discovery proceedings and the

23   preparation for trial and the trial of this matter, and to delegate work responsibilities to selected

24   counsel as may be required; and

25           h.    To supervise any other matters concerning the prosecution or resolution of

26   the related and/or consolidated actions.

[PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND
APPROVING LEAD PLAINTIFFS' SELECTION OF COUNSEL
(Master File No. CV04-1599C)
DOC:822650SV1

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA  98154
Telephone: 206/839-0730 • Fax: 206/839-0728

- 1 -

1       5.      No motion, request for discovery, or other pretrial proceedings shall be initiated

2  or filed by any plaintiff in this action without the approval of Lead Counsel, so as to prevent

3  duplicative pleadings or discovery by plaintiffs in this action. No settlement negotiations shall be

4  conducted in this action without the approval of Lead Counsel.

5       6.      Defendants' counsel may rely upon agreements made with Lead Counsel.  Such

6  agreements shall be binding on plaintiffs.

7       7.      Any counsel of record for a party in this action who is not a member of the Bar of

8  this District is hereby admitted to practice *pro hac vice* in this action.

9       Dated this 30 day of ____Nov____, 2004.

10

11

12                  HONORABLE JOHN C. COUGHENOUR
                        UNITED STATES DISTRICT JUDGE

13  Presented by:

14  **MILBERG WEISS BERSHAD**
    **& SCHULMAN LLP**

15  LORI G. FELDMAN, WSBA #29096
  DOUGLAS C. McDERMOTT, WSBA #31500

16

17  LORI G. FELDMAN

18  1001 Fourth Avenue, Suite 2550
  Seattle, WA  98154

19  Telephone: (206) 839-0730
  Facsimile: (206) 839-0728

20       -and-

21  **MILBERG WEISS BERSHAD**
  **& SCHULMAN LLP**

22  MELVYN I. WEISS
  SALVATORE J. GRAZIANO

23  PETER E. SEIDMAN
  SHARON M. LEE

24  1 Pennsylvania Plaza
  New York, NY  10119

25  Telephone: (212) 868-1229
  Facsimile: (212) 594-5300

26

[Proposed] Lead Counsel for Plaintiffs

[PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND
APPROVING LEAD PLAINTIFFS' SELECTION OF COUNSEL
(Master File No. CV04-1599C)
DOCS226008V1

       - 2 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206/839-0730 • Fax: 206/839-0728

1    **LAW OFFICES OF**
    **MICHAEL A. SWICK, LLP**
2    MICHAEL A. SWICK
    One William Street, Suite 900
3    New York, New York 10005
    Telephone: (212) 584-0770
4    Facsimile: (212) 584-0799

5

6    **BULL & LIFSHITZ, LLP**
    PETER D. BULL
    JOSHUA M. LIFSHITZ
7    18 East 41st Street, 11th Floor
    New York, New York 10017
8    Telephone: (212) 213-6222
    Facsimile: (212) 213-9405

9

10    Plaintiff's Counsel

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND
APPROVING LEAD PLAINTIFFS' SELECTION OF COUNSEL
(Master File No. CV04-1599C)
DOCS\226002\V1

- 3 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206/839-0730 • Fax: 206/839-0728

# EXHIBIT E

## CERTIFICATION OF PROPOSED LEAD PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

The undersigned, Stefan Gayk and Stefanie Buchmann, on behalf of the Metzler Investment GmbH ("Metzler"), for account of the following funds; MI-FONDS 208 and MI-FONDS 705 declare the following as to the claims asserted, or to be asserted, under the federal securities laws, that:

1.      We have reviewed the complaint prepared by Milberg Weiss Bershad & Schulman LLP, whom we designate as counsel for Metzler in this action for all purposes.

2.      As Deputy Director and Legal Counsel, we have been duly authorized by Metzler to commence litigation against Molson Coors Brewing Company and the other defendants.

3.      Metzler did not acquire Molson Coors Brewing Company securities at the direction of plaintiff's counsel or in order to participate in any private action under the federal securities laws.

4.      Metzler is willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial.

5.      Metzler will not accept any payment for serving as a representative party beyond its pro rata share of any recovery, except reasonable costs and expenses, such as lost wages and travel expenses, directly related to the class representation, as ordered or approved by the court pursuant to law.

6.      Within the past three years, Metzler has sought to serve as a representative party for a class in an action under the federal securities laws in the following cases:

*Electronic Data Systems Corp. Sec. Litig.*, MDL No.1512 (E.D. Tex. 2002)
*In re NVIDIA Corp. Sec. Litig.*, No. C-02-853 (N.D. Cal. 2002)
*In re Levi Strauss & Co. Sec. Litig.*, No. 03-CV-5605 (N.D. Cal. 2003)
*In re Corinthian Colleges Inc. Shareholder Litig.*, No. 04-CV-5025 (C.D. Cal. 2004)
*South Ferry LP#2 v. Killinger, et al.*, No. CV04-1599C (W.D. Wash. 2004)
*City of Delray Beach Police & Firefighters Ret. Sys. v. Delphi Corp., et al.*, No. 05-CV-70945 (E.D. Mich. 2005)

and was appointed lead plaintiff in *NVIDIA, Levi Strauss, Corinthian Colleges, and South Ferry.*

7.      Metzler understands that this is not a claim form, and that its ability to share in any recovery as a member of the class is unaffected by its decision to serve as a representative party.

8.      Since the beginning of the Class Period, Metzler has made the transactions in Molson Coors Brewing Company listed in Schedule A attached hereto and will provide records of those transactions upon request.

Executed this 11 day of July, 2005

We declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Metzler Investment GmbH


_____
Stefan Gayk
Deputy Director


_____
Stefanie Buchmann
Legal Counsel

## Schedule A
## Metzler Investment GmbH Transaction(s) in Molson Coors Brewing Company Inc.

**Purchase(s)**　　　　**MI-Fonds 208**

| Date | Shares | Price |
|------|--------|-------|
| 03/24/05 | 600 | 74.8318 |
| 03/29/05 | 600 | 77.1234 |
| 04/06/05 | 400 | 77.6378 |

**Sale(s)**

| Date | Shares | Price |
|------|--------|-------|
| 05/19/05 | 800 | 59.6637 |
| 05/20/05 | 800 | 60.4023 |

**Purchase(s)**　　　　**MI-Fonds 705**

| Date | Shares | Price |
|------|--------|-------|
| 03/24/05 | 45,500 | 74.8318 |
| 03/29/05 | 44,500 | 77.1234 |
| 04/06/05 | 44,500 | 77.6378 |

**Sale(s)**

| Date | Shares | Price |
|------|--------|-------|
| 05/19/05 | 69,500 | 59.6637 |
| 05/20/05 | 65,000 | 60.4023 |

# EXHIBIT F



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2004 SEP 16   AM 9: 52

MARKUS BLECHNER, Individually and on
Behalf of All Others Similarly Situated,

                       Plaintiff,

    vs.

DAIMLER-BENZ AG, DAIMLERCHRYSLER
AG, JURGEN E. SCHREMP, ECKHARD
CORDES, MANFRED GENTZ, JURGEN
HUBBERT, MANFRED BISCHOFF, KURT
LAUK, FLAUS MANGOLD, HEINER
TROPITZCH, KLAUS-DIETER VOHRINGER,
DIETER ZETSCHE, and THOMAS
SONNENBERG,

                  Defendants.

Civil Action No.: 04-CV-331 (JJF)

**[PROPOSED] ORDER APPOINTING
CAPITAL INVEST AND
SPARINVEST CO-LEAD
PLAINTIFFS AND APPROVING
THEIR SELECTION OF CO-LEAD
COUNSEL**

Upon review of the Joint Amended Motion of Capital Invest and SparInvest for Appointment as Co-Lead Plaintiffs and for Approval of Their Selection of Co-Lead Counsel; the Joint Memorandum of Law in Support of the Joint Amended Motion of Capital Invest and SparInvest for Appointment as Co-Lead Plaintiffs and for Approval of Their Selection of Co-Lead Counsel; the Stipulation entered into by all prior movants; the supplemental declaration of Ralph Sianni, dated August 9, 2004, and the exhibits annexed thereto; the previously filed declaration of Ralph Sianni, dated July 26, 2004, and the exhibits annexed thereto; the previously filed declaration of Michael Hanrahan, and the exhibits annexed thereto; and the previously filed declaration of Brian D. Long, dated July 26, 2004, and the exhibits annexed thereto,

**IT IS HEREBY ORDERED THAT:**

1.    Class members, Capital Invest, die Kapitalanlagegesellschaft der Bank Austria Creditanstalt Gruppe GmbH ("Capital Invest") and Erste-Sparinvest Kapitalanlagegesellschaft m.b.H. ("Sparinvest") (collectively the "Institutional Group") has the largest financial interest in

the outcome of this litigation, is the "most adequate plaintiff" pursuant to 15 U.S.C. 78u-4(a)(3)(B)(iii), and is hereby appointed as Co-Lead Plaintiffs in this Action;

2.    The Institutional Group's selection of the law firms of Milberg Weiss Bershad & Schulman LLP, Schiffrin Barroway, LLP, and Seeger Weiss, LLP as Co-Lead Counsel is approved pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and

3.    The Wilmington, DE, office of Milberg Weiss Bershad & Schulman LLP shall serve as local Delaware counsel.

DATED: _September 16_, 2004.

IT IS SO ORDERED

HONORBALE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE

2